UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA REDMAN, individually and on behalf of all other similarly situated, | ) ) ) | |
| | ) | 08cv1957 |
| | ) | |
| Plaintiff, | ) ) | JUDGE NORDBERG |
| | ) | MAGISTRATE JUDGE MASON |
| v. | ) | |
| | ) | |
| METROPOLITAN PIER AND, EXPOSITION AUTHORITY, | ) ) | CLASS ACTION |
| | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**METROPOLITAN PIER AND EXPOSITION AUTHORITY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Metropolitan Pier and Exposition Authority ("MPEA"), by and through its

undersigned counsel, and, for its Answer and Affirmative Defenses to the Class Action

Complaint ("Complaint") of Plaintiff Cynthia Redman ("Plaintiff"), states as follows:

**ANSWER**

1.      This is a consumer class action based upon Defendant's violations of Section
1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, *as amended* (the "FCRA").
Specifically, this action is based on Section 1681c(g) of FCRA. This section of the FCRA, like
many others, was designed to combat the rampant increase of identity theft throughout the nation
in recent years. Under the FCRA, companies that accept credit and debt cards are required to
restrict the information they print on sales receipts. Such a practice, if followed, reduces an
identity thief's ability to obtain valuable account information relating to a consumer. Despite the
simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to
ignore complying with the FCRA. As such, consumers who purchase goods and services from
Defendant receive none of the benefits that Section 1681c(g) was designed to confer, and are
uniformly burdened with an elevated risk of identity theft.

**ANSWER:**   MPEA admits that Plaintiff brings this action against MPEA pursuant

to section 1681c(g), the Fair and Accurate Credit Transaction Act ("FACTA" or the "Act"),

of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as amended (the "FCRA"), based on

one or more alleged violations of FACTA, that FACTA was passed by Congress to combat the risk of identity theft, and that FACTA restricts the information which may be printed on certain credit card and debit card receipts. MPEA denies any liability to Plaintiff under FACTA and, except as expressly admitted, denies the allegations of Paragraph 1 of the Complaint.

### *Jurisdiction and Venue*

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681, 28 U.S.C. §§ 1331 and 1337.

**ANSWER:**    MPEA admits that this Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331, because Plaintiff purports to bring an action pursuant to a federal statute, 15 U.S.C. § 1681, *et seq.*

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

**ANSWER**    MPEA admits that venue is proper in this district.

### *Parties*

4.      Plaintiff is an individual who resides in this district.

**ANSWER:**    MPEA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant is a political subdivision of the State of Illinois and conducts substantial business in this district.

**ANSWER:**    MPEA admits that it is a municipal corporation created by the Illinois General Assembly, with its principal place of business in this district. MPEA admits that it conducts business. MPEA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of Paragraph 5 of the Complaint because "substantial" is vague and not defined in Plaintiff's Complaint.

6.      Defendant is a "person who accepts credit cards or debit cards or debit cards for the transaction of business" within the meaning of FACTA.

**ANSWER:** Paragraph 6 purports to recite FACTA, and MPEA denies any characterization of the Act inconsistent with its actual language and full text. Answering further, MPEA admits that it accepts credit and debit cards for the transaction of business. MPEA denies the remaining allegations of Paragraph 6.

### *Statutory Framework*

7.     In 2003, FACTA was enacted to bolster protections for consumers from identify theft.

**ANSWER:** MPEA, on information and belief, admits the allegations contained in Paragraph 7 of the Complaint.

8.     FACTA, 15 U.S.C. § 1681c(g) provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

**ANSWER:** MPEA admits that Plaintiff has accurately quoted a portion of 15 U.S.C. § 1681c(g) and refers the Court to the referenced statute for its full text.

9.     FACTA gave merchants who accept credit cards or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

**ANSWER:** MPEA admits the existence of 15 U.S.C. § 1681c(g)(3), denies any allegation of Paragraph 9 that is contrary to FACTA, and denies any violation of the Act.

### *Defendant's Practices*

10.     As of December 4, 2006, Defendant was aware of FACTA.

**ANSWER:** MPEA denies any knowledge of any alleged FACTA requirements as of December 4, 2006, and, answering further, denies any violation of the Act.

11.     As of December 4, 2006, Defendant knew that FACTA required truncation of credit and/or debit card numbers and truncation of expiration dates from receipts.

**ANSWER:**    MPEA denies any knowledge of any alleged FACTA requirements as of

December 4, 2006, and, answering further, denies any violation of the Act.

12.    Notwithstanding that it had over three years to comply, as of October 30, 2007, Defendant continued to issue receipts at the point of sale or transaction that contain consumers' entire credit and debit card numbers and the expiration date of such credit and debit card numbers.

**ANSWER:**    MPEA states that it lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13.    At least as of October 30, 2007, Defendant continued to deliberately, willfully, intentionally, recklessly and/or grossly negligently violate FACTA by issuing receipts that do not comply with the FCRA.

**ANSWER:**    MPEA denies the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant's practice not only violates the law; it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

**ANSWER:**    MPEA denies the allegations contained in Paragraph 14 of the Complaint.

### *Facts Related to Plaintiff*

15.    On or about October 30, 2007, Plaintiff made a purchase from Defendant in Chicago, Illinois.  To pay for the purchase, Plaintiff used her MasterCard card.  Following the transaction, Plaintiff received a receipt from Defendant on which her entire MasterCard card number and expiration date for that card were printed.

**ANSWER:**    MPEA states that it lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint.

16.    At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

**ANSWER:**    MPEA states that the allegations contained in Paragraph 16 of the

Complaint are incomprehensible such that no responsive pleading is required.  To the extent

a responsive pleading is required, MPEA denies the allegations contained in Paragraph 16 of

the Complaint.

17.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants, and/or employees, were willful, reckless, and/or in grossly negligent disregard for federal law and the rights of Plaintiff.

**ANSWER:**     MPEA denies the allegations contained in Paragraph 17 of the Complaint.

### *Class Action Allegations*

18.     Plaintiff brings this action individually and as a class action for Defendant's violation of Section 1681 c(g) of the FCRA, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number.

**ANSWER:**     MPEA admits that Plaintiff purports to represent the putative class of individuals as defined in Paragraph 18.  MPEA denies that certification of the putative class is proper under Fed. R. Civ. P. 23 and further denies that it engaged in any wrongdoing.

19.     The Class is so numerous that joinder of all individual members in one action would be impracticable.  On information and belief, there are more than 100 persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring in Illinois after December 4, 2006, which receipt displayed more than the last five digits of the person's credit or debit card number.

**ANSWER:**      MPEA denies that the alleged class is properly defined and denies both the existence of the class and that the class is so numerous that joinder of all putative class members is impracticable.

20.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same legal theories and arise from the same unlawful and willful conduct.

**ANSWER:**     MPEA denies the existence of a class and denies that plaintiff's actions are typical of the claims of the members of the putative class.  MPEA also denies that it engaged in any unlawful and willful conduct in violation of the Act.

21.     There are common questions of law and fact affecting members of the Class, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

a.      Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed more than the last five digits of the credit or debit card; and

b.      Whether Defendant had a practice of providing customers with a sales or transaction receipt on which Defendant printed the expiration date of the credit or debit card; and

b.      Whether Defendant thereby violated FACTA.

**ANSWER:**    MPEA denies the allegations of Paragraph 21 of the Complaint.

22.    Plaintiff will fairly and adequately represent the Class members. Plaintiff has no interests that conflict with the interests of the Class members. Plaintiff has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interest that might cause them not to pursue this claim vigorously.

**ANSWER:**    MPEA denies the allegations contained in the first two sentences of

Paragraph 22 of the Complaint. MPEA states that it lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in the third and fourth

sentences of Paragraph 22.

23.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class.

**ANSWER:**    MPEA denies the allegations contained in Paragraph 23 of the Complaint.

24.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER:**    MPEA denies the allegations contained in Paragraph 24 of the Complaint.

25.    Whether Defendant failed to comply with 15 U.S.C. § 1681c(g) can be easily determined by a review of Defendant's policies and a ministerial inspection of its business records.

**ANSWER:**    MPEA denies the allegations contained in Paragraph 25 of the Complaint.

26.    A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. Moreover, the identities of the Class members

may be obtained from Defendant's records, rendering identification of the class something capable of ministerial review.

**ANSWER:**    MPEA denies the allegations contained in Paragraph 26 of the Complaint.

### *Count I*

### *Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681c(g)*

27.    Plaintiff incorporates Paragraphs 1 through 26 as though fully stated herein.

**ANSWER**:    MPEA incorporates its answers to Paragraphs 1 through 26 as though fully set forth herein.

28.    Title 15 U.S.C. § 1681c(g)(1) states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

This section applies to any "device that electronically prints receipts" (hereinafter "Devices") for point of sale transactions.

**ANSWER:**    MPEA incorporates and adopts by reference its answer to Paragraph 8 above.  Answering further, MPEA denies any violation of the Act.

29.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. § 168lc(g)(l).

**ANSWER:**    MPEA admits the existence and terms of both FACTA provisions referenced in Paragraph 29.    MPEA denies any allegation of Paragraph 29 that is inconsistent with the Act.  Except as expressly admitted, MPEA denies the allegations of Paragraph 29.

30.    With respect to machines that were in use before January 1, 2005, 15 U.S.C. § 1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. § 1681c(g)(1) on or after December 4, 2006.

**ANSWER:** MPEA admits the existence and terms of both FACTA provisions referenced in Paragraph 30. MEPA denies any allegations of Paragraph 30 that are inconsistent with the Act. Except as expressly admitted, MPEA denies the allegations of Paragraph 30.

31. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the Class members. In the course of such business, Defendant employs the use of said Devices for point of sale transactions.

**ANSWER:** MPEA admits that it accepts credit cards and debit cards in the course of transacting business. MPEA admits that certain machines or devices generate electronically-printed receipts for credit card and debit card transactions. Except as expressly admitted, MPEA denies the allegations of Paragraph 31.

32. On or after December 4, 2006, Defendant provided Plaintiff and the members of the Class receipt(s) that failed to comply with 15 U.S.C. § 1681c(g).

**ANSWER:** The allegations set forth in Paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required. To the extent a response is deemed required, MPEA states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33. FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

**ANSWER:** MPEA admits the existence and terms of 15 U.S.C. § 1681c(g), and denies any allegation of Paragraph 33 that is contrary to the Act.

34. Defendant was aware, on or before December 4, 2006, of 15 U.S.C. § 1681c(g) and the need to comply with said provision on or before December 4, 2006.

**ANSWER:** MPEA denies the allegations contained in Paragraph 34 of the Complaint.

35. Prior to December 4, 2006 deadline, Visa, MasterCard and the PCI Security Standards Council advised companies of the existence of FACTA and the need for compliance with FACTA.

**ANSWER:**     MPEA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 35 of the Complaint.

36.     Prior to December 4, 2006, Visa and MasterCard contractually required
compliance with FACTA well in advance of the December 4, 2006 compliance deadline.

**ANSWER:**     MPEA lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37.     Also in anticipation of the December 4, 2006 deadline and the requirements of 15
U.S.C. § 1681c(g), the majority of Defendant's peers and competitors took the necessary steps to
bring their business practices into compliance with FACTA.

**ANSWER:**     MPEA lacks knowledge or information sufficient to form a belief about

the truth or falsity of the allegations contained in Paragraph 37 of the Complaint.

38.     Notwithstanding the: (1) three-year cushion to prepare for FACTA and its
accompanying provisions; (2) knowledge of 15 U.S.C. § 1681c(g) and FACTA as a whole; (3)
the repeated reminders of FACTA and its accompanying provisions; and (4) the actions of
Defendant's peers and competitors, Defendant knowingly, willfully, recklessly, and/or grossly
negligently violated and continues to violate the FCRA, 15 U.S.C. § 1681c(g).  In turn,
Plaintiff and the members of the Class continue to be exposed to an elevated risk of identity
theft.

**ANSWER:**     MPEA denies the allegations contained in Paragraph 38 of the Complaint.

39.     As a result of Defendant's willful violations of the FCRA, Defendant is liable to
Plaintiff and the members of the Class pursuant to 15 U.S.C. § 1681n.

**ANSWER:**     MPEA denies the allegations contained in Paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, MPEA states as follows:

### First Affirmative Defense
### (Lack of Standing)

Plaintiff lacks standing to assert the claims alleged in the Complaint because, among

other reasons, Plaintiff has not been harmed by the conduct at issue, and Congress intended to

limit enforcement of the FACTA truncation requirements to the FTC under such circumstances.

### Second Affirmative Defense
### (Justification)

MPEA was justified in doing any and/or all of the acts alleged in the Complaint, if it performed any such acts. MPEA's conduct was justified because, among other reasons, it attempted in good faith to comply with FACTA's truncation requirements, once it became aware of them.

### Third Affirmative Defense
### (Not Willful)

At all times relevant, MPEA committed no willful misconduct within the meaning of 15 U.S.C. § 1681c(g), and, therefore, has no liability for statutory or punitive damages.

### Fourth Affirmative Defense
### (Good Faith)

At all times relevant, MPEA acted reasonably and with a good faith belief in the propriety of its conduct.

### Fifth Affirmative Defense
### (Excessive Damages Violate Due Process and Tort Law)

Any award of statutory damages, punitive damages, attorneys' fees and/or costs would be grossly disproportionate to any actual injury sustained by Plaintiff or any class member and would violate MPEA's Due Process rights under the United States Constitution and would violate general principles of tort law.

### Sixth Affirmative Defense
### (Third-Party At Fault)

Any losses incurred by Plaintiff, and any damages she allegedly sustained, were caused in whole or in part by persons other than MPEA, and MPEA is not liable for any damages caused by others.

### Seventh Affirmative Defense
### (Limitation on Recovery)

Recovery, if any, under Plaintiff's claim is limited to consumers under 15 U.S.C. § 1681(n)(a).

### Eighth Affirmative Defense
### (Mistake)

The claims for damages, penalties and/or exemplary damages asserted by Plaintiff in the putative class are barred as MPEA's acts or omissions, if any, were the result of mistakes in fact or law, undertaken in good faith.

### Ninth Affirmative Defense
### (Sufficiency in Class)

The action is not maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure because, among other reasons, a class action is not superior to other means of seeking redress for the purely technical statutory violations alleged.

### Tenth Affirmative Defense
### (Insufficient for Class Action)

Plaintiff has failed to allege and cannot prove the facts and prerequisites necessary to the maintenance of a class action, including, but not limited to, typicality, numerosity, commonality, superiority of class-based resolution, adequacy of class representative and class counsel, or the predomination of common fact and/or damages questions.

### Eleventh Affirmative Defense
### (Unidentifiable Putative Class)

This case is not suitable for class treatment because, among other reasons, the members of the putative class defined in the Complaint are not readily identifiable.

### Twelfth Affirmative Defense
### (Substantial Compliance)

MPEA, at all relevant times, acted in good faith and in substantial compliance with the Fair Credit Reporting Act, including 15 U.S.C. § 1681c(g)(1).

### Thirteenth Affirmative Defense
### (No Actual Damages)

If any violation of 15 U.S.C. § 1681c(g) occurred, which MPEA specifically denies, Plaintiff sustained no actual damages.

### Fourteenth Affirmative Defense
### (Violates First Amendment Rights)

Enforcing Plaintiff's interpretation of 15 U.S.C. § 1681c(g) would interfere with MPEA's First Amendment right to free speech under the United States Constitution by unnecessarily impeding its ability to confirm to its customers that transactions had been appropriately charged.

### Fifteenth Affirmative Defense
### (Act is Unconstitutional)

Plaintiff's individual claim, as well as the claims of the putative class, are barred because 15 U.S.C. § 1681c(g) is unconstitutionally vague in that it is capable of more than one reasonable interpretation, which is an unconstitutional defect under cases such as *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S. Ct. 126 (1926) (holding that a government restriction is unconstitutionally vague where it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.")

### Sixteenth Affirmative Defense
### (No Attorneys' Fees)

Plaintiff has failed to state facts that warrant the recovery of attorneys' fees and costs.

**Seventeenth Affirmative Defense**
**(No Private Right of Action)**

Section 1681c(g) does not afford a private right of action.

**Eighteenth Affirmative Defense**
**(Equitable Doctrines)**

Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, unclean hands, release, and ratification.

**Nineteenth Affirmative Defense**
**(Immunity)**

Plaintiff is not entitled to any award of punitive damages or attorney's fees because MPEA is a municipal corporation created by the Illinois General Assembly.

**Twentieth Affirmative Defense**
**(Right to Assert Additional Defenses)**

MPEA reserves the right to seek leave to amend this Answer and its Affirmative Defenses to set forth additional defenses based on its ongoing investigation and discovery into the matters alleged in the Complaint.

Respectfully submitted,

**METROPOLITAN PIER AND EXPOSITION AUTHORITY**

Date: June 4, 2008

By:     /s/ David S. Almeida
One of Its Attorneys

Gordon B. Nash, Jr.
David S. Almeida
**DRINKER BIDDLE & REATH LLP**
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
(312) 569-1000 (telephone)
(312) 569-3000 (facsimile)

*Attorneys for Metropolitan Pier and Exposition Authority*

## CERTIFICATE OF SERVICE

I, David S. Almeida, hereby certify that on June 4, 2008, the foregoing **Answer and Affirmative Defenses** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ David S. Almeida