

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA REDMAN, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 08 C 1957 |
| v. ) ) | Judge Nordberg |
| METROPOLITAN PIER AND EXPOSITION AUTHORITY, ) ) ) | Magistrate Mason |
| Defendant. ) | |

### [PROPOSED] FINAL APPROVAL ORDER

This matter coming before the Court on the joint request of Plaintiff, the Class Members and Defendant for final approval of the Class Action Settlement Agreement and Release ("Settlement Agreement"), and having considered the papers submitted to the Court and proceedings to date, **THE COURT FINDS AS FOLLOWS**:

1. This Court has jurisdiction over the subject matter of this Lawsuit, the Class Representative, the Class Members and Defendant;

2. Notice was sent first-class mail to members of Settlement Class A on November 17, 2008;

3. Notice was published on November 17, 2008 in each of the following publications: *USA Today*; *Chicago Tribune* and *Chicago Sun-Times*;

4. Notice has been posted at the website www.navypierclassaction.com since November 14, 2008 and will continue to be posted at that website until July 20, 2009 (151 days after entry of the Final Approval Order);

5. Notice was printed on all electronically-printed receipts issued by Defendant at

certain events from December 5, 2008 through January 4, 2009;

6. The dissemination of the Notices, as provided for in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Federal Rules of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

7. No potential members of Settlement Class A opted out of the Settlement Agreement;

8. No potential members of Settlement Class B opted out of the Settlement Agreement;

9. No potential members of Settlement Class A objected to the Settlement Agreement;

10. No potential members of Settlement Class B objected to the Settlement Agreement;

11. The Settlement Agreement is fair, reasonable and adequate.

**THEREFORE, IT IS HEREBY ORDERED:**

A. That all defined terms contained herein shall have the same meanings as set forth in the Class Action Settlement Agreement and Release executed by the Parties and filed with this Court on October 15, 2008 (the "Settlement Agreement");

B. That the Settlement Agreement is finally approved and the Parties shall implement it pursuant to its terms;

C. That the Court hereby dismisses with prejudice this Lawsuit, all claims contained therein and all Released Claims against Released Parties;

D. That this Court reserves exclusive and continuing jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment;

E. That, except as otherwise provided in the Settlement Agreement or herein, the Parties are to bear their own attorneys' fees and costs;

F. That this Court bars and permanently enjoins all Class Members from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims;

G. That Defendant shall continue to provide notice to Settlement Class B at the website www.navypierclassaction.com through and including July 20, 2009;

H. That Class Members shall be permitted to submit Claim Forms through July 20, 2009;

I. That Defendant shall issue payment to members of Settlement Class A that do not submit Claim Forms within the time set forth in the Agreement; and

J. That Class Counsel shall remain responsible for answering Class Members' questions and addressing any disputes through the redemption period ending February 19, 2010.

SO ORDERED this 19th day of February, 2009.

_____
Honorable John A. Nordberg
United States District Judge

3